UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ERNEST MARTIN and<br>CYNTHIA MARTIN h/w,<br><br>*Plaintiffs*,<br><br>v.<br><br>VORNADO AIR LLC, WALMART<br>SUPERCENTER WEST BERLIN,<br>WALMART STORES EAST L.P.,<br>And WALMART INC.,<br><br>*Defendants*. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Hon. Joseph H. Rodriguez<br><br><br>Civil No. 23-14230<br><br><br><br>**MEMORANDUM ORDER** |

**WHEREAS** this matter is before the Court on the Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. 9]; and,

**WHEREAS** Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[;]" and,

**WHEREAS** for a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual allegations to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); and,

**WHEREAS** a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" [*Id.*]; and,

1

**WHEREAS** Plaintiffs Ernest and Cynthia Martin, husband and wife (hereinafter "Plaintiffs"), initiated this action by filing a Complaint in the Superior Court of New Jersey, Law Division, Camden County, Docket No. CAM-L-002224-23, on August 1, 2023 (the "Original Complaint") naming as defendants Vornado Air LLC, Walmart Stores East L.P., Walmart Supercenter West Berlin, Walmart, Inc. (collectively, "Defendants") [Dkt. 1]; and,

**WHEREAS** Defendants removed the action to this Court on September 1, 2023 [Dkt. 1]; and,

**WHEREAS** Plaintiff Cynthia Martin alleged in the Original Complaint that she sustained injuries on August 14, 2021 when a fabric steamer "tipped and poured boiling water" onto her, causing serious and permanent injury [Dkt. 1-2, Compl. ¶ 8]; and,

**WHEREAS** Plaintiff Cynthia Martin's husband, Ernest Martin, asserted in the Original Complaint a claim for loss of consortium (Sixth Count) [Compl. ¶¶ 45-47]; and,

**WHEREAS** the Original Complaint asserts separate claims for Negligence and Recklessness, Strict Liability, Breach of Express and Implied Warranty, and Per Quod [Dkt. 1-2]; and,

**WHEREAS** on September 8, 2023, in lieu of an Answer Defendants filed a motion to dismiss the Original Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. 9]; and,

**WHEREAS** Defendants argued in their motion that Plaintiffs' count alleging strict liability under the New Jersey Products Liability Act ("PLA") was defective for failure to plead the elements necessary to support the claim [Dkt. 9 at *2-4]; and,

**WHEREAS** Defendants further argued in the alternative that that if Plaintiffs' Original Complaint survived complete dismissal, Counts Two (Negligence) and Four (Breach of Warranty) should be dismissed as they are factually deficient and plead claims that are subsumed by the PLA [Dkt. 9 at *5]; and

**WHEREAS** on September 28, 2023, Plaintiffs filed an Amended Complaint [Dkt 14]; and

**WHEREAS** on October 2, 2023, Plaintiffs filed letter memorandum in lieu of a more formal brief in opposition to Defendants' motion, asserting that "no brief is necessary given that Plaintiffs have successfully Amended their Complaint to comply with all objections posed by Defendants' Motion to Dismiss, rendering Defendants' Motion moot" [Dkt. 15]; and

**WHEREAS** Plaintiffs' letter memorandum represents that "[i]n regard to Defendants' objections to Plaintiffs [sic] inclusion of counts of negligence, carelessness and recklessness in the Original Complaint subsuming said counts-Plaintiffs' Amended Complaint has deleted all objectionable counts" [Dkt. 15]; and,

**WHEREAS** in response to Plaintiffs' representation, Defendants contend that Plaintiffs' Amended Complaint still contains allegations of negligence and recklessness that are subsumed by PLA [Dkt. 16 at *5]; and,

**WHEREAS** Plaintiffs have not responded to Defendants' position with respect to the Amended Complaint's inclusion of allegations of negligence and recklessness that are subsumed by the PLA; and

3

**WHEREAS** Plaintiffs' Amended Complaint additionally asserts a claim for Breach of Express Warranties (Count IV), alleging that "Defendants represented to consumers and Plaintiffs through labeling, advertising, marketing materials, manuals and publications among other ways that Defendant's SF-477 Deluxe Compact steamer was safe" and further represented that the product was "fit for a particular purpose, namely a safe steamer, when in fact, the subject steamer was unfit, unsafe, not of merchantable quality, and was not fit or suited for its particular purpose" [Am. Compl. ¶ 64]; and,

**WHEREAS** Defendants' seek dismissal of Plaintiffs' claim for Express Breach of Warranties, arguing that Plaintiffs' pleadings are deficient because "[n]owhere in the Amended Complaint do Plaintiffs actually identify any express warranty that was allegedly breached" and that "Plaintiffs have failed to identify any affirmation of fact, description of goods, or a sample or model provided by Defendants that would have created an express warranty as defined by N.J.S.A. § 12A:2-313" [Dkt. 16 at *2-4]; and,

**WHEREAS** courts in this District have dismissed breach of express warranty claims under similar circumstances [*see Fishman v. Gen. Elec. Co.*, No. 2:12-CV-00585 WJM, 2013 WL 1845615, at *5 (D.N.J. Apr. 30, 2013) ("Plaintiffs do not identify any specific affirmations of fact or promises, and do not provide the language of any advertisements, promotional or marketing materials, point of-sale displays, or product specifications. Without the language of the warranty, and a start date and end date for the warranty, Plaintiffs cannot state a breach of express warranty claim."); *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 707 (D.N.J. 2011) (breach of express warranty claim dismissed where plaintiffs "fail[ed] to identify the actual language or

4

source of any alleged warranty"); *Simmons v. Stryker Corp.*, No. 08–3451, 2008 WL 4936982, at *2 (D.N.J. Nov.17, 2008) (dismissing a claim that was "devoid of any 'factual matter' to support the existence of an express warranty")];[1] and, therefore

in consideration of the foregoing, it is hereby **ORDERED** that Defendants' Motion is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' claim for Breach of Express Warranties at Count IV of the Amended Complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that all references to negligence and recklessness within the Amended Complaint, including at Paragraphs 32 and 51, are **STRICKEN** with prejudice; and it is further

**ORDERED** that Plaintiffs are granted leave to file a second amended complaint to cure the foregoing deficiencies within twenty-one (21) days from the entry of this Memorandum Order.

May 16, 2024

                                                               s/ Joseph H. Rodriguez
                                                              Hon. Joseph H. Rodriguez, U.S.D.J.

---

[1] The court in *Simmons* supported its decision citing to *Heisner ex rel. Heisner v. Genzyme Corp.*, 2008 WL 2940811 (N.D.Ill., July 25, 2008). In *Heisner*, much like the instant action, the plaintiff alleged that the defendant "expressly warranted to Plaintiff by and through statements made . . . in publications, package inserts, and other written materials . . . that [the product at issue] was safe, effective, fit and proper for its intended use," and further alleged that he relied on this warranty and that the warranty was false. *Id.* at *8. The court dismissed the plaintiff's claim, finding that the plaintiff "offered nothing more than a formulaic recitation of the elements required to prevail on a claim and has alleged no facts at all that suggest an express warranty existed" and "ha[d] not specified any particular affirmation, promise, description, or sample that formed part of the basis of his bargain with Defendant." *Id.* at *9.